# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

Rick Phillips, et al., :

    Plaintiffs, :

v. : CA 10-0489-KD-C

OneAmerica Securities, Inc., et al., :

    Defendants. :

## REPORT AND RECOMMENDATION

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), on Plaintiffs' Renewed Motion to Remand and/or Petition to Rule on Prior Remand Motion (Doc. 6), filed September 17, 2010, and Defendants' Response In Opposition to Plaintiffs' Renewed Motion to Remand and/or Petition to Rule on Prior Remand Motion and Motion to Dismiss Defendant Tami Hazelwood (Doc. 8), filed October 4, 2010. After consideration of the Plaintiffs' motion to remand, it is the undersigned's recommendation that it be **DENIED**.

## FINDINGS OF FACT

1. In April 2008, the Plaintiffs filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Alabama (the "Bankruptcy Court"). (Doc. 1-1, Defs.' Mot. to Withdraw the Reference, p. 2, ¶ 7.) In November 2008, the trustee appointed by the Bankruptcy Court (the "Trustee") brought an adversary proceeding against the Plaintiffs and Defendant American United Life Insurance Co. ("AUL"), in which the Trustee "identified certain

life insurance policies that the Plaintiffs had claimed as exempt in their schedule and claimed that said policies should be declared property of the estate and that any transfers to or premiums paid for the policies be avoided as fraudulent transfers." (*Id.*, p. 3, ¶ 8.) The Trustee later agreed to settle her claims against the Plaintiffs, which included agreeing to sell the life insurance policies back to Plaintiffs for $510,000; the Bankruptcy Court approved the settlement in June 2009, and in November 2009, dismissed the adversary proceeding with prejudice. (*Id.*, p. 3, ¶¶ 9-10.)

2. On April 23, 2010, the Plaintiffs filed this lawsuit in the Circuit Court of Baldwin County, Alabama, alleging negligence claims against the Defendants. (*Id.*, p. 3, ¶ 11.) Specifically, Plaintiffs allege that (1) the Defendants provided inaccurate information as to the values of the life insurance policies that were the subject of the adversary proceeding in the Bankruptcy Court, (2) Defendants AUL and/or OneAmerica Securities, Inc. ("OneAmerica") negligently hired, trained, and supervised Defendants Linda Otts and Tami Hazelwood, and (3) as a result of Defendants' negligence, Plaintiffs overvalued their settlement proposal and overpaid for the policies in connection with their settlement of the adversary proceeding in the Bankruptcy Court. (*Id.*)

3. Three Defendants have been served, all by certified mail. AUL was served on April 29, 2010, OneAmerica on April 30, 2010, and Otts on May 3, 2010; Defendant Hazelwood, at least as of October 4, 2010—the date AUL, OneAmerica, and Otts (the "Removing Defendants") filed their response in opposition to Plaintiffs' renewed motion to remand, has yet to be served. (*Id.*, p. 4, ¶¶ 12-15; Doc. 8, p. 11.)

4. On May 28, 2010, Removing Defendants removed this lawsuit to the Bankruptcy Court, asserting that federal jurisdiction exists under 28 U.S.C. §§ 1334 and 1332. (Doc. 1-1, p. 4, ¶ 16.) Plaintiffs filed their Motion to Remand on June 28, 2010, which Removing Defendants responded to on July 20, 2010. (*Id.*, p. 4, ¶¶ 17-18.) On July 27, 2010, the Bankruptcy Court held a hearing on the Motion to Remand at which it announced it would not exercise jurisdiction under Section 1334, but agreed to stay the entry of a remand order to allow Removing Defendants to seek withdrawal of the reference in the District Court, and to allow the District Court to determine whether diversity jurisdiction exists under Section 1332. (*Id.*, p. 4, ¶ 19.)

5. Removing Defendants filed their Motion to Withdraw the Reference (Doc. 1-1) on September 13, 2010, and Judge DuBose granted the motion the same day. (*See* Doc. 3.)

## CONCLUSIONS OF LAW

1. "Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . . Indeed, all doubts about jurisdiction should be

resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999); *cf. D.M.C. Enters. Inc. v. Best McAllister, LLC*, Civil Action No. 10-00153-CB-N, 2010 WL 3039477, at *2 (S.D. Ala. Aug. 4, 2010) ("Because it is conferred by statute, the right of removal is strictly construed to limit federal jurisdiction.") (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

2. The Removing Defendants must establish the propriety of removal under Section 1441 and, "therefore, bear[ ] the burden of establishing the existence of federal jurisdiction." *Brown v. Kabco Builders, Inc.*, Civil Action 07-0099-WS-C, 2007 WL 841690, at *1 (S.D. Ala. Mar. 15, 2007) (citing *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction.")). Here, the burden is on the Removing Defendants to establish both complete diversity—that is, the Plaintiffs are diverse from every Defendant, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted)—and that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. *See Fitzgerald v. Besam Automated Entrance Sys.*, 282 F. Supp. 2d 1309, 1314 (S.D. Ala. 2003).

3. The complex procedural history of this case, *supra*, thus masks the simplicity of the issue now before this Court—whether Removing Defendants can establish complete diversity of citizenship by proving that Defendant Tami Hazelwood, purportedly an Alabama resident, and therefore, a non-diverse resident defendant, has been fraudulently joined in an effort by Plaintiffs to defeat federal diversity jurisdiction. *See Tapscott*, 77 F.3d at 1359 ("An action may nevertheless be removable if the joinder

4

of non-diverse parties is fraudulent."); *Sellers v. Foremost Ins. Co.*, 924 F. Supp. 1116, 1117 (M.D. Ala. 1996) ("The citizenship of a resident defendant fraudulently joined should not be considered by a court for the purpose of determining diversity jurisdiction."). Removing Defendants' burden in this regard is "a heavy one." *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). In *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, (11th Cir. 2006), the Eleventh Circuit set forth the following standard of review:

> An action in state court may be removed to federal court when the federal courts have diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a). When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. *See Lincoln Prop. Co. v. Roche*, [546 U.S. 81] (2005) (citing 28 U.S.C. § 1441(b)). Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship.
>
> When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a "fraudulent joinder," *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* The defendant must make such a showing by clear and convincing evidence. *See Parks v. N.Y. Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).

*Id.* at 1281 (footnotes omitted).

4. In the context of fraudulent joinder, we are required to both evaluate the parties' factual allegations and submissions in the light most favorable to the Plaintiffs

and resolve all uncertainties about state substantive law in favor of the Plaintiffs. *See Crowe*, 113 F.3d at 1538; *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (when considering fraudulent joinder, the district court must "resolve all questions of fact . . . in favor of the plaintiff"). Moreover, all "determinations [must be] based on the [Plaintiffs'] pleadings at the time of removal"; however, the Court may "consider affidavits and deposition transcripts submitted by the parties." *Id.*

5. The analysis used to resolve a claim of fraudulent joinder is similar to that applied to a motion for summary judgment under Rule 56(b), *Crowe*, 113 F.3d at 1538, but "the jurisdictional inquiry 'must not subsume substantive determination.'" *Id.* (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981). Accordingly, "[w]hen determining whether a resident defendant has been fraudulently joined, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220, 1223 (M.D. Ala. 1999) (quoting *Pacheco de Perez*, 139 F.3d at 1380- 81); *see Triggs*, 154 F.3d at 1287 ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a ***possibility*** of stating a valid cause of action in order for the joinder to be legitimate.") (emphasis in original).

6. In sum, to defeat Plaintiffs' motion for remand, Removing Defendants must show by clear and convincing evidence that—viewing the evidence in the light most favorable to Plaintiffs and resolving all uncertainties of state law in Plaintiffs' favor— there is ***no possibility*** that the state circuit court could find that the complaint states a

6

claim for negligence against Defendant Hazelwood. *See Atwood v. Weyerhaeuser USA, Inc.*, Civil Action No. 09-0379-CG-N, 2010 WL 749337, at *7 (S.D. Ala. Feb. 26, 2010) (order adopting report & recommendation of magistrate judge).

7. The only allegation in Plaintiffs' complaint directed towards Defendant Hazelwood is that she—as well as all other Defendants—"negligently supplied insurance contract information to Plaintiffs regarding the account values, loan values and surrender values of certain single premium contracts." (Doc. 1-1, pp. 17-18, ¶¶ 1-6.) Plaintiffs further allege that Ms. Hazelwood was able to commit such negligence by virtue of her status as an officer or agent of AUL and/or OneAmerica. (*Id.*, pp. 16, ¶ 3; 18, ¶ 9.) Under Alabama law, "'[a] corporate agent who personally participates, albeit in his or her capacity as such agent, in a tort is personally liable for the tort.'" *Ex parte McInnis*, 820 So. 2d 795, 798-99 (Ala. 2001) *cert. denied*, 535 U.S. 1077 (2002) (quoting *Sieber v. Campbell*, 810 So.2d 641, 645 (Ala. 2001)); *see Atwood*, 2010 WL 749337, at *9 ("[I]n order to find an employee of a corporation personally liable for the negligent acts of the corporation 'there must have been upon his part such a breach of duty as contributed to, or helped bring about, the injury; that is to say, he must be a participant in the wrongful act.'") (quoting *Crigler v. Salac*, 438 So. 2d 1375, 1380 (Ala. 1983)). "[T]he determination of whether an individual has personally participated in a tort is made on a case-by-case basis upon an evaluation of the evidence of the actual activity[—if any—]of the employee defendant." *Atwood*, 2010 WL 749337, at *10 (citations omitted).

8. Although, in the context of this motion, this Court is required to resolve all factual disputes regarding Ms. Hazelwood's alleged involvement in Plaintiffs' favor, *see*

*Crowe*, 113 F.3d at 1538; *Cabalceta*, 883 F.2d at 1561, "there must be some question of fact before the [Court] can resolve that fact in [Plaintiffs'] favor." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005). In this case, Plaintiffs—after being given ample opportunities—have failed to refute the Affidavit of Gregory Poston (Doc. 1-1, pp. 29-30)—filed as Exhibit A to Defendants' Notice of and Petition for Removal in the Bankruptcy Court on May 28, 2010—in which Mr. Poston, Vice-President of Internal Operations for AUL and a Director of OneAmerica, affirms that Defendant Hazelwood has neither been employed by or appointed an officer or agent of—nor been authorized to act on behalf of—either AUL or OneAmerica. (Doc. 1-1, p. 30, ¶¶ 4-6.). As the Eleventh Circuit explained in *Legg*, "[w]ith no response from the Plaintiffs, there [is] no question of fact for the court to resolve"; "the court cannot resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." 428 F.3d at 1323. Where, as here, Removing Defendants make a "clear and convincing showing" that Plaintiffs cannot possibly established a valid claim against a non-diverse resident defendant—because undisputed evidence shows that that defendant was not employed during the incident giving rise to the lawsuit—the Removing Defendants satisfy their heavy burden of showing that the non-diverse resident defendant was fraudulently joined. *See Parten v. HMR Advantage Health Sys.*, Inc., Civil Action No. 10-0083-WS-N, 2010 WL 892070, at *2 (S.D. Ala. Mar. 9, 2010) (finding non-diverse resident employee-defendant fraudulently joined where (1) the employee made a showing that he resigned from employment with employer-defendant more than six months prior

to the incident that was basis of suit; and (2) when given an opportunity to respond, plaintiff fails to rebut the showing).

10. In their response in opposition to Plaintiffs' renewed motion for remand, Removing Defendants raise the fact that Defendant Hazelwood—at least as of October 4, 2010—has yet to be served in a lawsuit filed in April 2010. (Doc. 8, p. 11.) While this fact may not pass the "sniff test," it also does not necessarily indicate—nor do Removing Defendants directly allege—that Plaintiffs have "fraudulently pled jurisdictional facts to bring [ ] resident defendant [Hazelwood] into state court." *Crowe*, 113 F.3d at 1538. *Cf. Dominick's Finer Foods v. Nat'l Constr. Servs. Inc.*, No. CV 10-00836-SVW (PWJx), 2010 WL 891321, at *4 n.2 (C.D. Cal. Mar. 9, 2010) (attempted service is evidence that a defendant "is more than a fraudulently joined defendant"); *Zaini v. Shell Oil Co.*, 853 F. Supp. 960, 964-65 (S.D. Tex. 1994) (refusing "to recognize a presumption that the foreign defendants were fraudulently joined simply because they have not been served" where "plaintiffs verified in open court their intention to serve the foreign defendants upon a ruling on the motion to remand"). Moreover, this Court cannot grant Removing Defendants' request that Defendant Hazelwood be dismissed (Doc. 8, pp. 3 & 11). Removing Defendants' reliance on *Florence v. Crescent Resources, LLC*, 484 F.3d 1293 (11th Cir. 2007) (*see* Doc. 8, p. 3), is misplaced. *See Nelson v. Whirlpool Corp.*, --- F. Supp. 2d. ----, 2010 WL 3022687, at *3 (S.D. Ala. Aug. 4, 2010). As this Court stated in *Nelson*:

> The plaintiffs rely exclusively on *Florence*, where the appellate court stated that, "[i]n that situation [fraudulent joinder], the federal court must dismiss the non-diverse defendant" and deny the motion to remand. 484 F.3d at

1297.  The quoted statement in *Florence* is dicta (not holding, as the plaintiffs represent), since the Eleventh Circuit ruled that the non-diverse defendant was not fraudulently joined.  *Id.* at 1299.  It is also unsupported by *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278 (11th Cir. 2006), the only authority the *Florence* Court cited as requiring the dismissal of a fraudulently joined defendant.

 Even had the Eleventh Circuit held that dismissal of a fraudulently joined defendant is required, it has not held that such dismissal is required ***absent a request from the fraudulently joined defendant for that relief.***  Such a rule would be unlikely, since the continued presence of the fraudulently joined defendant does not affect the Court's subject matter jurisdiction and since a defendant can elect to defend a claim that appears to have no chance of success.

*Id.* (emphasis added); *cf. Parten*, 2010 WL 892070, at *2 (citing *Florence* and dismissing fraudulently joined defendant who filed motion for dismissal).

## **CONCLUSION**

In light of the foregoing, the undersigned **RECOMMENDS** that the motion to remand (Doc. 6) be **DENIED**.

**DONE** this the 21st day of October, 2010.

        s/ WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P. 72(b)(2).